Taylor v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 07336)





Taylor v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 07336


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10045 20038/13E

[*1] Richard Taylor, Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, Defendant-Appellant.


Furman Kornfeld & Brennan, LLP, New York (A. Michael Furman of counsel), for appellant.
Hofmann & Schweitzer, New York (Timothy F. Schweitzer of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered on or about February 7, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was injured while working on a construction project at Port Newark in New Jersey. Accordingly, the parties to this appeal agree that substantive New Jersey law applies (see Aviles v Port Auth. of N.Y. & N.J. , 202 AD2d 45 [1st Dept 1994]), and that, for the purpose of this case, defendant is the de facto landowner of the property on which plaintiff's incident occurred (see Estate of Desir ex rel. Estiverne v Vertus , 214 NJ 303 [2013]; Hopkins v Fox & Lazo Realtors , 132 NJ 426 [1993]; Mandal v Port Auth. of N.Y. & N.J. , 430 NJ Super 287 [App Div 2013]).
Under New Jersey law, "a landowner . . . is not responsible for harm which occurs to an employee [of an independent contractor] as a result of the very work which the [contractor] was hired to perform" (Dawson v Bunker Hill Plaza Assoc. , 289 NJ Super 309, 317-318 [App Div] [citations and internal quotation marks omitted], certificate denied 146 NJ 569 [1996]; see Puckrein v ATI Transp., Inc. , 186 NJ 563, 574 [2006]). However, a landowner will nevertheless be held liable for injuries to an independent contractor's employee if the landowner "retains control of the manner and means of doing the work subject to the contract[]" (Puckrein , 186 NJ at 574 [citation omitted]; see Dawson , 289 NJ Super at 318).
Here, the evidence submitted in support of defendant's motion reveals that plaintiff's employer, as required to under the contract, submitted to defendant a plan to rectify misaligned piles, which defendant approved. This approval was provided, despite the fact, that one of defendant's engineers expressed concerns two days later that the plan was unacceptable because of structural issues, and recommended use of another method currently being utilized by defendant at another berth project. Since defendant retained the ability to approve or disapprove the method by which plaintiff's employer rectified the misaligned piles, defendant failed to establish prima facie that it did not retain control over the manner and means by which plaintiff's employer's work was to be performed.
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK